**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                              :
**HIGINIO CASTILLO,**         :
                              :      Civ. No. 17-1947 (RMB)
    **Petitioner,**      :
                              :
    v.                     :      **OPINION**
                              :
**UNITED STATES OF AMERICA,** :
    **Respondent.**     :
_____

**BUMB,** United States District Judge

    Petitioner, Higinio Castillo, a prisoner confined in FCI Fort Dix, in Fort Dix, New Jersey, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on March 24, 2017. (Pet., ECF No. 1.)[1] Petitioner seeks resentencing of his two consecutive 120- month terms of imprisonment to make the terms

---

[1] Petitioner filed an IFP application, pursuant to 28 U.S.C. § 1915(a), with the requisite certification from a prison official, indicating that his current inmate account balance is $431.06. (IFP App., ECF No. 1-1.) According to this Court's Local Civil Rule 81.2(c), "[i]f the prison account of any petitioner for a writ of habeas corpus] or movant exceeds $200, the petitioner or movant shall not be considered eligible to proceed in forma pauperis." Therefore, the Court will deny the IFP application. Petitioner will be given the opportunity to reopen this § 2241 habeas proceeding by paying the $5.00 filing fee, however, for the reasons discussed below, this Court lacks jurisdiction over the petition, and if reopened, the Court would dismiss for lack of jurisdiction.

concurrent. (Pet., ECF No. 1, ¶6.) Petitioner asserts jurisdiction under 28 U.S.C. § 2241 and 18 U.S.C. § 3582, and argues that his sentence should be reduced pursuant Amendment 794 of U.S. Sentencing Guideline ("USSG") § 3B1.2. (Id., ¶7.)

Petitioner filed an IFP application, pursuant to 28 U.S.C. § 1915(a), with the requisite certification from a prison official, indicating that his current inmate account balance is $431.06. (IFP App., ECF No. 1-1.) According to this Court's Local Civil Rule 81.2(c), "[i]f the prison account of any petitioner [for a writ of habeas corpus] or movant exceeds $200, the petitioner or movant shall not be considered eligible to proceed in forma pauperis." Therefore, the Court will deny the IFP application.

Petitioner will be given the opportunity to reopen this § 2241 habeas proceeding by paying the $5.00 filing fee. However, for the reasons discussed below, this Court lacks jurisdiction over the petition, and if reopened, the Court would dismiss for lack of jurisdiction pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, applicable to § 2241 cases under Rule 1, the scope of the Rules. Rule 4 requires the District Court to promptly examine the petition, and "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief

in the district court, the judge must dismiss the petition . . . ."

I.  BACKGROUND

Petitioner is presently serving a federal sentence in FCI Fort Dix. (Pet., ECF No. 1.) In June 2015, Petitioner pled guilty, in the United States District Court for the Eastern District of Pennsylvania, to kidnapping, brandishing a firearm while kidnapping, and a variety of drug trafficking charges. United States v. Castillo, No. 16-3948, 2017 WL 543188, at *1 (3d Cir. Feb. 10, 2017). He is serving two consecutive 120-month sentences. (Id.)

One year after his sentencing, Petitioner sought relief in the sentencing court under Amendment 794 to USSG 3B1.2,[2] and relief was denied. Id. The Third Circuit affirmed. Id. Petitioner now seeks the same relief from this Court.

II. DISCUSSION

Petitioner seeks relief under 18 U.S.C. § 3582. There are two avenues for sentence modification under § 3582. Subsection (c)(1)(B) authorizes the district court to modify a term of imprisonment where "expressly permitted by statute or by Rule 35 of the Federal rules of Criminal Procedure." See Braswell v.

---

[2] Amendment 794 to the U.S. Sentencing Guidelines "amended the commentary to USSG § 3B1.2 (lower offense level for 'mitigating role' in criminal activity)." Castillo, 2017 WL 543188, at *1.

3

Gallegos, 82 F. App'x 633, 635 & n. 2 (10th Cir. 2003) ("Because a motion filed under § 3582 requests modification of a sentence, it follows that such a motion must be filed in the district court which imposed the sentence.") This Court did not sentence Petitioner and cannot modify his sentence under § 3582(c)(1)(B). Moreover, Petitioner applied to his sentencing court for relief and was denied.

The second avenue for sentence modification falls under 18 U.S.C. § 3582(c)(1)(A), which states:

> The court may not modify a term of imprisonment once it has been imposed except that--
>
>> (1) in any case--
>>
>>> (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>>>
>>>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>>> . . .

This provision is inapplicable here because the motion for a reduction of sentence is not brought by the Director of the Bureau of Prisons.

Finally, Petitioner asserts jurisdiction under 28 U.S.C. § 2241, which provides, in pertinent part:

> (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. . . .
>
> (c) The writ of habeas corpus shall not extend to a prisoner unless—
>
> > (3) He is in custody in violation of the Constitution or laws or treaties of the United States

In the Third Circuit, the exception to the general rule that a challenge to a conviction or sentence must be brought under 28 U.S.C. § 2255 in the sentencing court has only been applied "where the petitioner was in the 'unusual position' of a prisoner with no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application." Okereke v. U.S., 307 F.3d 117, 120 (3d Cir. 2002) (quoting In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)). "[C]hallenges to the application of the Sentencing Guidelines are properly considered under § 2255." Savage v. Zickefoose, 446 F. App'x 524, 526 (3d Cir. 2011) (citing United States v. Eakman, 378 F.3d 294, 297 (3d Cir. 2004).

Petitioner presented substantially the same claim presented here to the Eastern District of Pennsylvania. "Section 2255 is not inadequate or ineffective merely because the sentencing

5

court does not grant relief. . ." Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002). Therefore, this Court lacks jurisdiction under § 2241.

Furthermore, on appeal from the sentencing court's decision, the Third Circuit construed Petitioner's motion as seeking relief under 18 U.S.C. § 3582(c)(2), and affirmed the District Court's denial of the motion on that basis. Castillo, 2017 WL 543188, at *1. Therefore, it would not be in the interest of justice to characterize this petition as brought under § 2255 and transfer it to the sentencing court pursuant to 28 U.S.C. § 1631.[3]

III. CONCLUSION

For the reasons discussed above, the Court will deny Petitioner's IFP application and administratively terminate this action. Although Petitioner may reopen this proceeding by paying the $5.00 filing fee, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court would dismiss the § 2241 petition for lack of

---

[3] 28 U.S.C. § 1631 provides, in relevant part:

> [w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed

6

jurisdiction.

An appropriate Order follows.

    s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**

Dated: May 2, 2017